UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

AMOS DEAN,

Defendant.

**Hon. Hugh B. Scott**

08CR212A

**Order**

Before the Court is defendant's motion for discovery and disclosure and to suppress certain evidence (Docket No. 9) and the Government's cross-motion for reciprocal discovery (Docket No. 10, Gov't Response ¶ 16).

BACKGROUND

Defendant is charged in a single count Indictment with knowing possession with intent to distribute cocaine (Docket No. 7, Indictment). Defendant moved for Rule 16 discovery; production of Brady and Giglio material; production of Jencks Act statements; disclosures under Federal Rules of Evidence 404(b), 608, and 609; preservation of notes and other evidence, filing of a Bill of Particulars; and suppression of evidence seized by electronic surveillance (Docket No. 9). At argument on October 21, 2008, defendant conceded that much of its Rule 16 discovery has been produced by the Government. The Government argued that there is no wiretap associated with this Indictment (see Docket No. 10, Gov't Response ¶ 14) and defendant at oral argument agreed and noted that the Government has produced Title III transcripts and copies of tapes that the Government stated it did not intend to use on this Indictment. There was

a suggestion that the Government may obtain a superseding Indictment or new Indictment against defendant as related to another prosecution, against Gary Crosby and others, see United States v. Crosby, 08CR186A.

Given that both sides agree that a motion to suppress is moot as to this Indictment, defendant's motion for that relief is **deemed moot** without prejudice to being renewed, hence this Court considered that relief in this Order rather than in a Report & Recommendation. The Court deemed the remaining relief submitted and reserved decision on October 21, 2008.

## DISCUSSION

I.   Bill of Particulars

After oral argument, the remaining contested matter is defendant's motion for a Bill of Particulars (Docket No. 9, Def. Atty. Aff. ¶ 32).

Defendant seeks a Bill of Particulars to state the names of the co-conspirators; whether any individual present during the commission of overt acts was acting for the Government; the names of persons present when overt acts took place; the quantity of cocaine the Government will prove at trial defendant possessed; and whether the Government alleges defendant had actual or constructive possession of the narcotics at issue (id. ¶ 32 a.-e.). The Government responds that defendant's request to particularize the co-conspirator role addresses not this Indictment but a possible Indictment to come, noting defendant has not been charged here with conspiracy. Since defendant seeks particulars beyond the offense charged, the Government concludes that the Bill of Particulars should be denied. The Government further concludes that the remaining requests are merely evidentiary and not properly addressed in a Bill of Particulars. The

Government notes that defendant has been informed in discovery of the quantity of cocaine he is charged with possessing in this Indictment. (Docket No. 10, Gov't Response ¶ 13.)

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars, and it is within this Court's discretion to order such a filing, Wong Tai v. United States, 273 U.S. 77, 82 (1927). Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment, the Court finds that defendant **is not** entitled to a Bill of Particulars inasmuch as he is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy. As noted by the Government, this Indictment does not allege a conspiracy, so no particularization (cf. Docket No. 9, Def. Atty. Aff. ¶ 32 a.) now is needed regarding an unalleged offense. Whether others were present or were Government informants or agents (cf. id. ¶ 32 b., c.) are matters of discovery rather than an amplification of pleadings which a Bill of Particulars is intended to be. The Government disclosed to defendant in discovery the quantity of cocaine at issue (cf. id. ¶ 32 d.). The remaining request–whether the Government alleges actual or constructive possession (cf. id. ¶ 32 e.)–goes to the Government's theory of the case that the

Government is not required to preview in a Bill of Particulars. Therefore, defendant's motion for filing of a Bill of Particulars is **denied**.

II.     Discovery and Disclosure Relief

   A.     Brady Material

Defendant has requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 9, Def. Atty. Aff. ¶¶ 12-19). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it is unaware of any Brady material and acknowledges its continuing obligation to provide exculpatory and impeachment materials but defendant's insistence upon immediate production is unwarranted, United States v. Coppa, 267 F.3d 132 (2d Cir. 2001) (Docket No. 10, Gov't Response ¶ 10).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined

Brady/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided."  United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex and the parties during oral argument agreed to the timing of the production of Brady material be as ordered by the trial District Court in its final pretrial Order.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

B.    Jencks Act

Defendant seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, at least thirty days before trial (Docket No. 9, Def. Atty. Aff. ¶¶ 29-31).  The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial.  In this case, the Government agrees to produce this information pursuant to the pretrial Order of the trial court (Docket No. 10, Gov't Response ¶ 12).  Defendant has not established that prior disclosure of Jencks material any earlier than when the Government proposes to provide it is essential to the preparation of a defense in this case.

  C. Rules 404(b), 608, 609 Disclosures

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 9, Def. Atty. Aff. ¶¶ 20-23), as well as Rule 608, 609 disclosures (id. ¶ 24). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide this information as ordered by the trial Court (Docket No. 10, Gov't Response ¶ 11). **This is sufficient in this case**.

  D. Preservation of Evidence

Next, defendant seeks the preservation of rough notes and other evidence (Docket No. 9, Def. Atty. Aff. ¶¶ 25-28). The Government takes no position on this motion. The purpose for this motion is to preserve evidence against governmental record retention and destruction policies, see United States v. Buffalino, 576 F.2d 446 (2d Cir.), cert. denied, 429 U.S. 928 (1978). The Government **should endeavor** to preserve rough notes and other evidence that has not already been lost.

III. Government's Reciprocal Discovery

In its response, the Government seeks reciprocal discovery from defendant (Docket No. 10, Gov't Response ¶ 16), without objection by defendant. Under Rule 16, the Government is entitled to production of documents in defendant's possession that he intends to use in his case-in-chief. Therefore, the Government's motion is **granted**.

CONCLUSION

For the reasons stated above, so much of defendant's omnibus motion (Docket No. 9) seeking various forms of discovery is **granted in part, denied in part**, as discussed in detail above. The Government's motion for discovery (Docket No. 10, Gov't Response ¶ 16) is **granted**.

So Ordered.

/s/ Hugh B. Scott<br>
Honorable Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
November 4, 2008